[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated June 23, 1992, the plaintiff, Sebastian Tosta, is seeking recovery of a $5,000.00 deposit he alleges is due and owing from the defendants, Dick McAuliffe, Inc. and Richard J. McAuliffe. The defendants counter-claimed seeking damages for breach of contract.
After a full trial, the parties present and represented by counsel, the court, by a preponderance of the credible, relevant and legally admissible evidence finds, concludes and rules as follows: CT Page 5199
On or about, October 3, 1991, the plaintiff, as buyer, and the defendants, as sellers, entered into a written asset purchase agreement whereby the defendants agreed to sell and the plaintiff agreed to buy a gasoline self service station located at 2997 Main Street, Glastonbury, Conn.
Pursuant to said agreement, the plaintiff paid to the defendants the sum of $5,000.00 as a deposit against the purchase price of $92,500.00.
Pursuant to paragraphs 2.1.1 and 6.3.3 of said contract, the deposit was to be returned to the plaintiff if Exxon, the defendants' gasoline dealer, failed to consent to the transaction.
The court expressly finds that Exxon did not consent to sale of the assets to the plaintiff.
The court construes that paragraph 6.3.3 of said contract requires the approval of Exxon to the sale as a condition precedent to the plaintiff's obligations under the contract. Such consent was not forthcoming, therefore the deposit of $5,000.00 should be returned to the plaintiff in accordance with paragraph 2.1.1 of said agreement.
The defendants have failed to return said $5,000.00 deposit to the plaintiff in violation of the terms of the agreement.
Accordingly, judgment is entered on the complaint for the plaintiff to recover of the defendants the sum of $5,000.00, with interests and costs.
Judgment is entered on the defendants' counterclaim for the plaintiff.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk CT Page 5200